**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50562 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00649-BTM |
| v. | |
| MARIO HARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, Chief Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Mario Haro appeals from the district court's judgment and challenges the

two-year term of supervised release and a special condition of supervised release

imposed upon revocation of supervised release.   We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Haro contends that the district court erred by imposing a term of supervised release based on the allegedly erroneous determination that it would contribute to his rehabilitation. In light of Haro's history and circumstances, the district court did not err in determining that supervised release was warranted. *See* 18 U.S.C. § 3583(c); U.S.S.G. § 5D1.1 & cmt. n.3.

Haro next challenges the special condition of supervised release which requires him to obtain prior approval from his probation officer for any residence or change in residence. The district court did not abuse its discretion. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). In light of Haro's circumstances and criminal history, the challenged condition is reasonably related to deterrence and protection of the public, and it does not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(2); *Daniels*, 541 F.3d at 924 ("[W]e give considerable deference to a district court's determination of the appropriate supervised release conditions." (internal quotations omitted)).

**AFFIRMED.**